UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Defendants. | Civil Action No. 25-769 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe is a native and citizen of Tanzania who applied for asylum in the United States more than five years ago based on persecution related to her sexual orientation. See ECF Nos. 1 (Compl.), ¶¶ 13–15; 2-3 (Mots. Br.), ¶¶ 1, 8. Despite submitting her application and biometric data, and repeatedly inquiring into her application's status, Doe alleges that Defendants — federal officials responsible for adjudicating asylum applications and conducting security checks — have unlawfully withheld and unreasonably delayed acting on her asylum application. See Compl., ¶¶ 16–19, 24–28. Plaintiff contemporaneously filed Motions to File her Complaint Under Seal and to Proceed Under a Pseudonym, seeking to seal all documents related to her case given concerns about privacy and a risk of retaliation from the Tanzanian government should her identity or asylum application details be publicly disclosed. See ECF Nos. 2 (Sealing Mot.); 3 (Pseudonymous Mot.); Mots. Br., ¶¶ 8–21. The Court will largely grant her Motions, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and

1

determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I. Legal Standard

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). Since Plaintiff seeks to proceed both pseudonymously and under seal, the Court reviews the legal standards for both motions.

### A. Pseudonymity

The identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

B. Sealing

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

[1] the need for public access to the documents at issue;

[2] the extent of previous public access to the documents;

[3] the fact that someone has objected to disclosure, and the identity of that person;

[4] the strength of any property and privacy interests asserted;

[5] the possibility of prejudice to those opposing disclosure; and

[6] the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II. Analysis**

The Court separately addresses pseudonymity and then sealing.

A. Pseudonymity

Plaintiff has met her burden to show that her privacy and safety interests outweigh the public's presumptive interest in learning her identity.

The Court groups the first and second factors together as they both concern potential harm to Plaintiff were her identity disclosed. The first factor assesses whether a Plaintiff seeks to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," or to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). This Circuit has held that a sensitive or highly personal matter "commonly involves intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." Id. at 327. The second factor concerns the "risk of retaliatory physical or mental harm" to Plaintiff. Id. at 326 (quotation marks omitted). Plaintiff alleges that, because of her sexual orientation, she fears harsh persecution by the Tanzanian government. See Mots. Br., ¶¶ 17–18; Compl., ¶ 14 ("Ms. Doe suffered government-sponsored threats and harassment because of her sexual orientation as a lesbian."). She further asserts that public disclosure of her identity and asylum application details would subject her and her family to a genuine threat of persecution from the Tanzanian government. See Mots. Br., ¶¶ 17–18; see also Compl., ¶ 14 (describing government-sponsored harassment and persecution targeting LGBT individuals in Tanzania). Plaintiff notes, in addition, that federal regulations explicitly recognize and seek to mitigate the serious risks asylum applicants face if their identities and personal information were to become publicly accessible. See Mots. Br., ¶¶ 3–5; 8 C.F.R. § 208.6(a); see also Refugee & Immigr. Ctr. for Educ. & Leg. Servs. v. Noem, 2025 WL 579648, at *2 (D.D.C. Feb. 20, 2025) (noting that these regulations "safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin") (quoting Anim v. Mukasey, 535

F.3d 243, 253 (4th Cir. 2008)). Given the severity of potential harm — including targeted persecution — the Court is persuaded that these concerns rise above the level of speculation. The first and second factors firmly support granting the Motion.

The third factor cuts the other way. Plaintiff is not a minor and does not allege that disclosure of her identity would affect the safety or welfare of any minor. See In re Sealed Case, 971 F.3d at 326.

The fourth factor strongly supports Plaintiff's request. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing." J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quotation marks omitted); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same). Analysis of this factor also involves evaluating whether Plaintiff seeks individualized relief. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"). In this case, Plaintiff seeks relief narrowly tailored to adjudication of her individual asylum application and does not broadly challenge agency policy or practices beyond her personal circumstances. See Compl., ¶¶ 24–33. This factor thus weighs in Plaintiff's favor.

The fifth and final factor lends further support to Plaintiff's Motion. Defendants would suffer no unfairness if the Motion were granted because the Government is already aware of

5

Plaintiff's identity. See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that factor is "not implicated" where defendant knows plaintiff's identity). Upon filing her Complaint and this Motion, Plaintiff contemporaneously provided Defendants with unredacted copies of her exhibits, which contain her identity. See Mots. Br., ¶ 20. Defendants remain fully able to request additional information they deem necessary, and Plaintiff remains free to object accordingly.

In sum, although the third factor weighs against granting the Motion, all others strongly favor permitting Plaintiff to proceed under a pseudonym at this stage. The Court will therefore grant this motion.

B.   Sealing

Plaintiff also seeks to seal the Complaint and related filings in their entirety to protect her identity and sensitive personal information. Finding that she has largely overcome the presumption in favor of public access to court records, the Court will allow her to file sensitive or personally identifying exhibits and documentation under seal, subject to the requirement that she file a redacted version of her Complaint on the public docket. The Court addresses each Hubbard factor in turn.

The first factor, "the need for public access to the documents at issue," weighs in favor of targeted sealing. See Hubbard, 650 F.2d at 317. To start, the presumption of transparency is normally "accentuated in cases" like this one "where the government is a party," United States v. All Assets Held at Bank Julius Baer & Co., Ltd., 520 F. Supp. 3d 71, 81 (D.D.C. 2020) (quoting Nat'l Children's Ctr., 98 F.3d at 1409), even though this civil action is not the sort of traditional criminal proceeding to which courts have attached a heightened public interest. See Hubbard, 650 F.2d at 317; Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) ("The interest of the

public and press in access to civil proceedings is at its apex when the government is a party to the litigation. Indeed, the public has a strong interest in monitoring not only functions of the courts but also the positions that its elected officials and government agencies take in litigation.") (citation omitted). The Complaint implicates delays by government agencies in processing asylum applications, an issue of significant public interest, which favors disclosure. See Compl. at 1–2. Plaintiff, however, seeks to seal personally identifying information because she fears that its disclosure would create a substantial risk of retaliation and persecution. See Mots. Br., ¶¶ 2, 17–18 (describing fear of retaliation from Tanzanian government given disclosure of asylum-related information). But her Motion covers more than that sensitive information, instead seeking to seal the case in its entirety. See Mots. Br., ¶ 2. This factor thus favors disclosure of the Complaint, though the Court will allow Plaintiff to address her concerns by redacting any private information from the Complaint and filing any accompanying exhibits and documentation entirely under seal.

      The second factor comes out similarly. In assessing this factor, a court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021). While the public may have general access to information regarding the types of asylum processing delays discussed in her Complaint, there is no indication that Plaintiff's identity, personal details, or specifics of her asylum application have previously been publicly disclosed. See Mots. Br., ¶ 10 ("There has also been no 'previous public access' to the documents in Plaintiff's case."). Indeed, Plaintiff's asylum application details have remained confidential since her initial application, as the agency is not permitted to disclose them without written consent by the applicant under

federal law. Id., see also 8 C.F.R. § 208.6(a). Thus, this factor also favors sealing Plaintiff's personal information so long as she files a redacted Complaint on the public docket.

The third factor supports sealing. A party's motion to seal weighs in favor of granting that relief. See Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this preliminary stage, no objection to the Motion has been lodged, and the assigned judge remains free to revisit this decision.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," weighs in favor of sealing. Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Hubbard itself contemplated that "[v]alid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives, sexual or otherwise." 650 F.2d at 324. Plaintiff asserts strong privacy interests here, as the documents reveal sensitive details about her sexual orientation, persecution suffered in Tanzania, and her ongoing asylum claim — information, as mentioned above, that is expressly protected by federal regulations. See Mots. Br., ¶¶ 8, 17–18; see also 8 C.F.R. § 208.6(a). Courts, including in this district, have recognized similar privacy interests as sufficiently compelling to warrant sealing. See, e.g., A.B. v. DOJ, 2019 WL 13111106, at *3 (D.D.C. Mar. 7, 2019) (recognizing "significant privacy interests of the plaintiff, an asylum seeker" at risk of further violence). Given the seriousness of the potential harm from public disclosure, as well as the existing legal protections for Plaintiff's personal information, this factor weighs toward sealing.

The fifth factor, which concerns prejudice to the party opposing disclosure, favors sealing. "The possibility of prejudice refers to whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." All Assets Held at Bank Julius Baer & Co., Ltd., 520 F. Supp. 3d at 85 (cleaned up). Plaintiff states that Defendants already possess

8

unredacted copies of the filings containing her full identity and personal information, so they will suffer no legal prejudice in defending this case. See Mots. Br., ¶ 13 ("Plaintiff merely seeks to prevent public disclosure of this information, not disclosure limited to Defendants' counsel."). Defendants remain fully capable of preparing a defense here and in future litigation, as they retain access to all necessary documents and identifying details under seal. This factor thus weighs in favor of sealing.

The sixth and final factor concerns "the purposes for which the documents were introduced." Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22). Disclosure is typically favored when "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute." Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)). Where a party seeks to seal limited details within documents — particularly identifying or highly sensitive personal information — that are not central to the court's resolution of substantive claims, however, this factor favors sealing. See Gilliard v. McWilliams, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records] if they are not relevant to the claims.'") (quoting United States ex rel. Durham v. Prospect Waterproofing, Inc., 818 F. Supp. 2d 64, 69 (D.D.C. 2011)). Here, Plaintiff seeks to seal the Complaint in its entirety, a request that may be overly broad given that the Complaint contains important information about delays in the processing of her asylum application — details that may factor into the Court's decision. See Mots. Br., ¶ 2; Compl., ¶¶ 13–23. This factor thus leans toward sealing personally identifying information but favors disclosure of a redacted Complaint.

On balance, the Hubbard factors favor permitting Plaintiff to seal exhibits and other

9

supporting documents containing sensitive personal information, while requiring her to file a redacted version of her Complaint on the public docket.

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion to Proceed Under Pseudonym is GRANTED;

2. All parties shall use the pseudonym listed in the Complaint and redact information that would identify Plaintiff in all documents filed in this action;

3. Defendants shall not disclose Plaintiff's identity or any personally identifying details related to her asylum application to any third party;

4. Plaintiff's [2] Motion to File Complaint Under Seal is GRANTED IN PART and DENIED IN PART; and

5. By April 14, 2025, Plaintiff must file a Complaint on the public docket with redactions of her name and any other personally identifying information. Plaintiff may file all supporting documents and exhibits containing personally identifying information under seal.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: March 31, 2025